UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                        :
   FELIX GARCIA,                                        :
                                  Petitioner,           :
                                                        :       09 Civ. 6593 (LGS) (JCF)
                       -against-                        :
                                                        :       **OPINION AND ORDER**
   HAROLD GRAHAM,                                       :
                                  Respondent.  :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __12/10/15__

LORNA G. SCHOFIELD, District Judge:

        Petitioner Felix Garcia brings this pro se petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254, challenging his conviction for murder in the second degree and criminal

possession of a weapon in the second and third degrees.  This case was referred to the Honorable

James C. Francis IV for a report and recommendation (the "Report").  The Report was filed on

March 26, 2015, and recommends that the writ be denied.  Garcia submitted objections to the

Report (the "Objections").  For the following reasons, the Report is adopted, the petition for writ

of habeas corpus is denied, and no certificate of appealability will issue.

## I.    BACKGROUND

        The facts relevant to the petition are set out in the Report and summarized here.  On

December 13, 2002, New York City Police Department officers received a call informing them

that a man had been shot at 635 East 12th Street in Manhattan.  The victim, Raymond

Villanueva, died as a result of two gunshot wounds to his head.

        The same day, Garcia was interviewed at the police station about the shooting.  Because

he was considered a witness at that time, Garcia was not given *Miranda* warnings.  Garcia

informed the police that he had been standing outside with Villanueva and another friend just

before the incident and noticed two individuals walking towards them as he was walking away.

He stated that he heard one gunshot, began to run away and then heard a second shot.  Garcia further stated that he saw Villanueva lying immobile on the ground as one of the two individuals ran from the scene.  Garcia said he heard that a $5,000 contract existed for Villanueva's life because Villanueva had stolen two pounds of marijuana from a man named David Adames. Garcia identified Jose Adames as the shooter, but the police later learned that Jose Adames was incarcerated at the time of the homicide.

On December 17, 2002, around 1:00 a.m., Officer Edwin Gomez and two other police policers drove to the home of Garcia's uncle, brought Garcia to the police station and placed him in an interview room.  Garcia had an open bench warrant for an unrelated case.  Around 8:00 a.m., two detectives spoke with Garcia about the Villanueva case without informing him of his *Miranda* rights or indicating that he was free to leave.  Garcia told them that a man nicknamed "Chilly Willy" shot Villanueva because Villanueva stole some jewelry from Chilly Willy's cousin.

Later that day, based on information from an eyewitness, Ryan Navas, the police determined that Garcia was a suspect, not a witness, in the homicide and advised him of his *Miranda* rights.  Garcia then confessed.  According to Officer Gomez, Garcia said that Villanueva asked to borrow a watch and, when Garcia refused, Villanueva said "you dead." After Villanueva left, Garcia informed his friends that he would kill Villanueva because he took the threat seriously.  Later that evening, Villanueva returned, and Garcia and Villanueva stood in front of a building.  When Villanueva turned his head, Garcia shot him and ran away.  When Garcia was informed that Villanueva was not dead, he returned and shot Villanueva in the back of the head.

Garcia was indicted for second-degree murder, criminal possession of a weapon in the

2

second degree and criminal possession of a weapon in the third degree.  Garcia moved to

suppress his statements and the physical evidence retrieved as a result of them.  Following a

hearing, the state court found that:  (1) Garcia's first statement on December 13, 2002, was

admissible because Garcia was not in custody, and the statement was voluntary; (2) the statement

about Chilly Willy should be suppressed because Garcia may have been in custody at the time;

and (3) the confession on the evening of December 17, 2002, was admissible because there was a

break in questioning, Garcia had received *Miranda* warnings, and his statement did not reiterate

the suppressed statement.

Following a jury trial, Garcia was found guilty on all three counts and sentenced to prison

terms of twenty-five years to life for his conviction for second-degree murder, fifteen years for

criminal possession of a weapon in the second degree and seven years for criminal possession of

a weapon in the third degree to run concurrently.  Garcia appealed his conviction and sentence,

which the First Department affirmed on May 31, 2007.  Garcia sought leave to appeal to the New

York Court of Appeals, which was denied on October 29, 2007.

Garcia timely filed the original petition in this case on July 24, 2009, making seven

arguments that he had previously raised on direct appeal:  (1) written and oral statements that he

made while in custody for an unrelated matter should have been suppressed because he was not

represented by counsel; (2) oral statements that he made to the police were the fruits of unlawful

police conduct; (3) physical evidence obtained as a result of his statements were similarly tainted

by the police's unlawful conduct and should have been suppressed; (4) the trial court failed to

charge the jury with mandatory preliminary instructions; (5) the trial court improperly charged

the jury and provided inappropriate or non-responsive answers to jurors' questions during

deliberations; (6) the trial court incorrectly charged the jury regarding a deadlock in

deliberations; and (7) his sentence was excessive (collectively, the "Original Claims").[1]

On August 13, 2009, Garcia filed the amended petition (the "Amended Petition"), which added the following claims: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; and (3) involuntariness of petitioner's confession (collectively, the "Additional Claims"). In the Amended Petition, Garcia indicated that he was in the process of exhausting some of these new claims through a motion to vacate his conviction pursuant to New York Criminal Procedure Law section 440.10 ("CPL 440.10") and intended to exhaust the rest through a writ of error coram nobis.

In a report and recommendation dated June 4, 2010 (the "June 2010 Report"), Judge Francis addressed Garcia's Original Claims but not the Additional Claims. This case was stayed pending resolution of Garcia's CPL 440.10 and coram nobis applications. Following resolution of these collateral appeals in state court, Judge Francis issued the instant Report. The Report recommended that the Original Claims be rejected for the reasons stated in the June 2010 Report, which was incorporated by reference into the Report. The Report further recommended that the Additional Claims be rejected.

By submission dated April 14, 2015, Garcia filed the Objections. Although the Objections were submitted five days late, since Petitioner is incarcerated, his objections are considered. The Objections expressly do not oppose the recommendation that the Original

---

[1]     Respondent acknowledges that this habeas petition was timely filed on July 24, 2009. Petitioner's conviction became final on January 28, 2008 -- "when his time to seek direct review in the United States Supreme Court by writ of certiorari expire[d]." *Williams v. Artuz*, 237 F.3d 147, 150 (2d Cir. 2001); *see also* Sup. Ct. R. 13.1 (stating that "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed . . . within 90 days after entry of the judgment"). Absent tolling, Petitioner would have one year from that date, or until January 28, 2009, to file his habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A). On December 12, 2008, Petitioner filed his collateral appeal, tolling the statute of limitations for filing his habeas petition.

Claims be rejected.  The Objections do assert that the Report erred by recommending the rejection of the Additional Claims for ineffective assistance of trial and appellate counsel.  The Objections also state that the Report failed to address an issue raised for the first time in Garcia's reply memorandum -- that trial counsel was ineffective for failing to argue a justification defense.

## II.    LEGAL STANDARD

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law."  *Adams v. N.Y. State Dep't of Educ .,* 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b), *Thomas v. Arn,* 474 U.S. 140, 149 (1985)).

The court must undertake a de novo review of any portion of the report to which a specific objection is made on issues raised before the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015).  When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report strictly for clear error.  *Diaz v. City Univ. of N.Y.*, No. 13 Civ. 2038, 2015 WL 5577905, at *7 (S.D.N.Y. Sept. 22, 2015).  Even when exercising de novo review, "[t]he district court need not . . . specifically articulate its reasons for rejecting a party's objections . . . ." *Morris v. Local 804, Int'l Bhd. of Teamsters,* 167 F. App'x 230, 232 (2d Cir. 2006).

Habeas relief under § 2254 may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (d)(2).  State court factual findings "shall be presumed to be correct" and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* § 2254(e)(1).

III.     **DISCUSSION**

The Amended Petition seeks habeas relief on the ten grounds identified above.  The Objections dispute portions of the Report's recommendations regarding ineffective assistance of trial counsel and appellate counsel, which are reviewed de novo unless otherwise noted.

A.      **Ineffective Assistance of Trial Counsel**

The Amended Petition asserts that trial counsel provided ineffective assistance by (1) preventing Garcia from testifying; and (2) failing to investigate and argue a theory of extreme emotional disturbance.  In Garcia's reply to the Government's opposition to the Amended Petition, Garcia asserted for the first time -- based on the *Sandoval* transcript that Garcia received on October 14, 2014 -- that trial counsel was ineffective for failing to argue a justification defense.

To prevail on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668 (1984).  First, a petitioner must demonstrate that his counsel's representation "fell below an objective standard of reasonableness."  *Id.* at 687–88.  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," so a petitioner "must overcome the

presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).  Second, a petitioner must demonstrate that the deficiency prejudiced him.  *Id.* at 691-692.  "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."  *Id.* at 691.  To satisfy the second prong, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Fulton v. Graham*, 802 F.3d 257, 265 (2d Cir. 2015) (quoting *Strickland,* 466 U.S. at 694).

### 1.     Preventing Garcia from Testifying

With respect to the claim that trial counsel was ineffective by preventing Garcia from testifying, the Report recommends rejecting this claim because, giving the required deference to the trial judge's credibility findings, Garcia did not establish that his trial counsel failed to advise him of or honor his right to testify.  Garcia objects that both the state court judge and Judge Francis erred by giving undue weight to the testimony of Garcia's trial counsel.  Garcia's objection is incorrect as a matter of law.

A habeas court "may not characterize [the] state-court factual determinations as unreasonable 'merely because [it] would have reached a different conclusion in the first instance.'" *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).  "Instead, § 2254(d)(2) requires that [a habeas court] accord the state trial court substantial deference."  *Id.*  If "[r]easonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's . . . determination."  *Id.* (internal quotation marks omitted).

Here, Garcia's trial counsel stated at summation that he, not Garcia, had decided that

Garcia would not testify.  During the CPL 440.10 hearing, however, trial counsel testified that he

was aware of his ethical and legal obligation to discuss the right to testify with his client and that,

if a defendant wanted to testify, trial counsel would have permitted it even if he had counseled

against it.  Trial counsel further testified that there was no reason he would deviate from this

practice with Garcia.  Garcia testified that he had wanted to testify at trial, that he was not

informed that the decision of whether to testify was his to make and that trial counsel told him he

would not testify.

Based on this record, it was not unreasonable for the state court to find that Garcia had

failed to show that his trial attorney had prevented him from testifying.  Accordingly, Garcia has

not shown ineffective assistance of counsel based on his failure to testify.

### 2.    Failing to Pursue a Theory of Extreme Emotional Disturbance

Regarding the claim that trial counsel was ineffective for failing to investigate and argue

a theory of extreme emotion disturbance, the Objections do not advance new arguments.  Having

reviewed the Report and finding no clear error, the Report's recommendation to reject this claim

is adopted.

### 3.    Failing to Argue a Justification Defense

The Objections assert that the Report erred by failing to consider the argument -- made

only in Garcia's reply in support of this habeas petition -- that trial counsel was ineffective by

failing to argue a justification defense.  The Objections ask that this argument be considered in

this habeas petition or, in the alternative, that Garcia be permitted to raise this claim in state

court.  The Objections assert that, until he received a copy of the *Sandoval* minutes, Garcia was

not aware that he could have presented a justification defense without resistance from the trial judge.

Even assuming this claim is not procedurally barred, it fails as Garcia has not satisfied his burden of establishing that counsel was constitutionally defective. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *accord Alexandre v. Senkowski,* 126 F. App'x 7, 10 (2d Cir. 2005); *Aparicio v. Artuz,* 269 F.3d 78, 91 n.5 (2d Cir. 2001).

As an initial matter, the March 9, 2004, trial transcript that Garcia received on October 14, 2014, does not support Garcia's contention that the trial judge would have permitted and charged the jury on a justification defense. This transcript -- which includes not only the *Sandoval* hearing but also other proceedings -- contains statements by the trial judge that certain categories of proposed evidence were not relevant as there was no justification defense or other "evidentiary hooks" that would make the evidence relevant. Moreover, the prosecutor argued that a justification defense was not warranted based on the evidence in the record. This transcript contains no other statements concerning a justification defense, and therefore does not support Garcia's argument that trial counsel could have presented a justification defense without resistance.

Counsel's decision to not pursue this defense also was not objectively unreasonable. Under New York law, "a person may not use deadly physical force upon another person" unless (1) that person reasonably believes the other person "is using or about to use deadly physical force" and (2) the actor is unable to "avoid the necessity of so doing by retreating" with complete personal safety. N.Y. Penal Law § 35.15(2)(a); *accord People v. Wimberly*, 19 A.D.3d 518, 519

9

(1st Dep't 2005).  Garcia's statement to the police -- which was ruled admissible -- was that, after Villanueva allegedly threatened Garcia, the two men separated for a period of time.  Later that evening, while standing with Villanueva outside a building, Garcia shot Villanueva when Villanueva turned his head.  Garcia then ran away.  When Garcia was informed that Villanueva was not dead, he returned and shot Villanueva in the back of the head.

Based on these facts, trial counsel's decision to not put on a justification defense does not amount to a deficient performance.  There are "countless ways to provide effective assistance in any given case.  Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689.  Counsel has "wide latitude" in "making tactical decisions." *Id.* "Actions and/or omissions taken by counsel for strategic purposes generally do not constitute ineffective assistance of counsel." *Gibbons v. Savage,* 555 F.3d 112, 122 (2d Cir. 2009).  An attorney is under no obligation "to advance every nonfrivolous argument that could be made." *Aparicio*, 269 F.3d at 95.  Accordingly, Garcia has not met his burden of proving trial counsel was ineffective for failing to raise a justification defense.

**B.     Ineffective Assistance of Appellate Counsel**

The Amended Petition claims that appellate counsel was ineffective by failing to argue: (1) Garcia's confession should have been suppressed as the fruit of an unlawful arrest; and (2) the prosecutor suborned perjured testimony in violation of the Sixth and Fourteenth Amendments.  The Report correctly rejected these claims.

The *Strickland* standard recited above applies to ineffective assistance of appellate counsel claims. *Forbes v. United States*, 574 F.3d 101, 106 (2d Cir. 2009) (per curiam).  In seeking to prove appellate counsel's deficient performance, "it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not

have a duty to advance every nonfrivolous argument that could be made." *Ramchair v. Conway,* 601 F.3d 66, 73 (2d Cir. 2010) (quoting *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994)); *see also Jones v. Barnes,* 463 U.S. 745, 751-52 (1983) (explaining "the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues"). The failure of appellate counsel to raise an argument constitutes ineffective assistance only if the petitioner "shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Ramchair,* 601 F.3d at 73 (quoting *Mayo*, 13 F.3d at 533).

The Report correctly concludes that appellate counsel did not render ineffective assistance in deciding to forgo the argument that Garcia's confession was the fruit of an illegal arrest. That argument would have been legally incorrect because the police are authorized to arrest a person wanted on a bench warrant, as they did Garcia, regardless of their subjective motivation. *See Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) (stating that a police officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause").

The Report also correctly concludes that appellate counsel's decision to forgo the claim that the prosecution suborned perjury does not constitute ineffective assistance of counsel. The minor discrepancies between the testimony of Officer Gomez and Ryan Navas do not establish that one of them committed perjury. Appellate counsel therefore did not omit a significant and obvious error by declining to pursue this claim. The claims that appellate counsel did pursue are also not clearly and significantly weaker than this claim for suborned perjury.

The remaining objections to the Report's recommendations concerning the alleged ineffective assistance of appellate counsel simply restate the original arguments made to Judge

11

Francis.  They fail to show that appellate counsel's performance was sufficiently unreasonable to rise to the level of a constitutional violation and do not make the required showing of clear error.

      **C.**     **Remaining Claims**

The remaining portions of the Report, to which no objection was made, do not reflect clear error on the face of the record.  Accordingly, these parts of the Report are adopted.

**IV.**     **CONCLUSION**

For the reasons stated above, the Report is ADOPTED, and the petition for a writ of habeas corpus is DISMISSED.  As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.  *See* 28 U.S.C. § 2253(c)(2); *Hoffler v. Bezio*, 726 F.3d 144, 154 (2d Cir. 2013).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Clerk of Court is directed to mail a copy of this Opinion to Petitioner Felix Garcia and close this case.

SO ORDERED.

Dated: December 10, 2015
      New York, New York

                                    **LORNA G. SCHOFIELD**
                            **UNITED STATES DISTRICT JUDGE**